# EXHIBIT 1

## LAND CONTRACT

This contract, made this _3rd_ day of _June_ 20 A.D., between Cindy Payne, a single oman, at 3420 Buffalo Rd. Niles, MI hereinafter referred to a the "Seller", and a couple Ron Allen McKi and Allison Marie Klingerman at 2237 Madron Lake Rd. Buchanan,MI hereinafter referred to as the ourchasers".

Witnesseth, that in consideration of the mutual convenants to be performed between the respective arties hereto as hereinafter expressed and the sum of ████████████████

1. The Seller hereby sells and agrees to convey unto the Purchaser all that certain piece or parcel of land situated in the Township of Buchanan, County of Berrien, and State of Michigan, and described as follows, to-wit:

   Part of the southeast quarter, section 21, town 7 south, range 18 west, Buchanan Township, Berrien County, Michigan, described as: Commencing at the southeast corner of said section; Thence west along the south line of said section, 1316.04 feet to the east line of the west half of said southeast quarter; thence north 00'34'10'east, along said east line, 987.99 feet to the centerline of Madron Lake Road and point of beginning of this description; thence continuing north 00'34'10' east along said east line 510.61 feet; thence west and parallel with said south line 403.47 feet; thence south 62'32'00' east along said centerline, 141.01 feet to the point of beginning. Containing 3.83 Acres more or less and subject to the rights of the public over the southerly 33 feet6 in Madron Lake Road and along the easterly line if any in Fedore Rd.

Together with all tenements, hereditaments, improvements and appurtenances, including all lighting xtures, plumbing fixtures, blinds, storm windows, storm doors, now on the premises, and subject to all onditions, encumbrances and limitations and to all applicable building and use restrictions, zoning laws an rdinances, if any, affecting the premises.

2. Said Purchaser hereby purchases said premises of the Seller and agrees to pay the Seller therefore the sum of ████████████████████████ Dollars in the manner following:



████████████████████ down, the sum which is secured by this Contract, together with interest on the whole sum that shall be from time to time unpaid, at the rate of ████████ ████████ percent, per annum, payable as follows;

The sum of ████████████████████ Dollars per month, including interest at the rate of 5% per annum, commencing on the 1st day of July, 2020, and on the same day of each month thereafter, until principal and accrued interest are paid in full. Payments shall be Applied first to interest and then to principal. ████████████████

Said Purchaser to have the right to pay larger installments than above provided for and to pay the ~ole or any part of the balance remaining unpaid on this contract at any time before the same, by the ter~ ~eof, becomes due and payable

3.  The Seller shall, during the continuance of this contract, keep insured the buildings now o~ said premises or which shall hereafter be placed thereon, in the name of said Seller agains~ loss by fire and windstorm, in such company or companies and for such amount as the Se~ shall determine, with loss, if any, payable to the Seller, as her interest may appear under t~ contract. Purchaser shall reimburse Seller for the cost of said insurance upon presentment ~ Purchaser of an Invoice for said expense. Should the Purchaser fail to reimburse Seller fo~ the cost of said insurance within 30 days after an Invoice is presented to Purchaser, the amount(s) thus expended by Seller shall be a lien on said premised any may be added to t~ balance then unpaid hereon and be due at once and bear interest until paid at the rat of Fi~ (5%)percent, per annum.

4.  Should default be made by the Purchaser in any of the provisions hereof, the Seller may immediately thereafter declare this contract void and forfeited and the said buildings, improvements and all payments made on this contract shall be forfeited to the Seller as rental for the use of the premised and as stipulated damages for failure to perform this contract and the Seller shall be entitled to immediate peaceable possession of said premise~ without notice and remove the Purchaser and all persons claiming under her therefrom, ar~ the Seller may, without notice to the Purchaser, declare all money remaining unpaid unde~ this contract forthwith due and payable, notwithstanding that the period hereinbefore limi~ for the payment of the said balance may not then have expired, and the Seller may therea~ enforce her rights under this contract in law or in equity, or may take summary proceedin~ to forfeit the interests of Purchaser or may enforce said contract in any other manner now hereafter provided.  In addition to any other remedy, Seller, on default being made, may consider Purchaser as a tenant holding over without permission and remove Purchaser form said premises according to the law in such case m~ and provided.

5.  All buildings, trees or other improvements now on said premises, or hereafter made or placed thereon, shall be a part of the security for the performance of this contract and ma~ not be removed therefrom.  Purchaser shall not commit, or suffer any other person to commit, any waste or damage to said premises or the appurtenances and shall keep the sa~ premises and all improvements in as good condition as they are now.

6.  If the Purchaser shall, in the time and manner above specified, make all the payments her~ provided for, all shall observe and perform all the conditions and agreements herein to th~ Purchaser on the conditions herein agreed upon and the Seller shall deliver with said deed complete abstract of title and tax history of said premises certified to day of conveyance a~ showing a marketable title, subject to easements, conditions, encumbrances and limitatio~ of name of the Purchaser; provided, however, that the warranty deed, the abstract and the history shall be limited so as to except acts or negligence of parties other than the Seller subsequent to the date of the original contract herein executed on June, 2020.  In the even~ an conveyance, showing in the Seller a marketable title of record, subject to easements, conditions, encumbrances and limitations of record, as defined in Act 200 of the 1945 Pu~

from acts, negligence, or death of the Seller, the cost of additional evidence of title shall b the obligation of the Purchaser.

7. Possession of said premises has already been taken by said Purchaser and said Purchaser l inspected the premises and purchases the property in its present condition.

8. Purchaser may assign and convey her interest in this contract or any part thereof PROVIDED,however, that such assignment or conveyance shall not result in the probabil of waste or other impairment of Seller's security in the subject premises or the probability default on behalf of Purchaser as a result of any such assignment or conveyance. Any violation by the Purchaser of this condition shall be considered a default of one of the conditions of this contract. Under no circumstances shall any assignment or conveyance release Purchaser from his obligations under the provisions of this contract unless Seller s releases him in writing. No such Assignment, however, shall be valid until written notice thereof has been given to Seller.

9. The Seller reserves the right to convey her interest in the above described land and her conveyance hereof shall not be a cause for recision.

10. If more than one joins in the execution hereof as Seller or Purchaser, or either be of the feminine sex, or a corporation, the pronouns and relative words herein used shall be read if written in plural, feminine or neuter respectively.

11.It is expressly understood and agreed by the parties hereto that time shall be deemed as of the very essence of this contract and all stipulations and agreements therein contained sha apply to and bind the heirs, executors, administrators, successors and assigns of the partie hereto.

12.The Parties agree that repair or remodeling of, or addition to, any improvement now or hereafter on said realty shall only be made of such change will improve the value of the property.

13.Seller will not mortgage or remortgage said premises without the consent of Purchaser an then not in an amount that exceeds the then existing Land Contract balance.

14.In the event these premises, or any part thereof, are taken under the power of eminent domain, the award, up to the unpaid balance of this contract shall be paid to Seller and sha be applied to discharge the principal balance hereunder.

15.Notices. Any notice required hereunder shall be sent to:

(a) Seller: Cindy Payne, 3420 Buffalo Rd Niles,MI 49120

(b)Purchaser: Ron Allen McKie Jr and Allison Marie Klingerman
      2237 Madron Lake Rd Buchanan, MI 49107

The parties may from time to time during the term of this Contract change the name or

proof of service upon the receiving party.

In Witness whereof, the parties hereto have hereunto set their hands the day and year first above written.


Ron Allen McKie Jr


Allison Marie Klingerman


Cindy Payne

4
CS

DraSter

Quit Claim Deed

Instructions

Lora L. Freehling Register Of Deeds
Berrien County, Michigan

Rec    $26.00        Recorded
Remon  $4.00       **SEPTEMBER 19, 2024**  01:32:30 PM
Tax Crt $0.00      Liber 3434  Page 3159 - 3162
                   Receipt #1039712  Q DEED      #2024414451

**Liber 3434 Page 3159**



**STATE OF**
**MICHIGAN**
BERRIEN COUNTY
SEPTEMBER 19, 2024
RECEIPT # 1039712

**REAL ESTATE**
**TRANSFER TAX**
$110.00- CO
$750.00- ST
STAMP # 68189

11-06-0021-0009-03-8
KS

RECORDING REQUESTED BY:

Allison Marie Klingerman

INSTRUMENT PREPARED BY:

Cindy Marie Radecki

3420 Buffalo Rd

Niles, Michigan 49120

_____

(Above reserved for official use only)

SEND TAX STATEMENTS TO:

Allison Marie Klingerman

2237 Madron Lake Rd

Buchanan, Michigan, 49107

RETURN DEED TO:

Allison Marie Klingerman

2237 Madron Lake Rd

Buchanan, Michigan. 49107

Berrien County Register of Deeds
RECEIVED 9/19/2024 1:29:00 PM

Tax Parcel ID/APN # 11-06-0021-0009-03-8

# QUIT CLAIM DEED FOR MICHIGAN

STATE OF MICHIGAN

COUNTY OF BERRIEN

THIS DEED is made this day of ___Sept. 19, 2024___, by and between the **"Grantor,"**

Cindy Marie Radecki , a married individual residing at 3420 Buffalo Rd, Niles, Michigan 49120

AND the **"Grantee,"**

iber: 3434    Page: 3160    Liber/Page stamp electronically added

Allison Marie Klingerman, an unmarried individual residing at 2237 Madron Lake Rd, Buchanan, Michigan 49107

FOR VALUABLE CONSIDERATION of the sum of $100,000, the receipt and sufficiency of which is hereby acknowledged, Grantor hereby quitclaims to Grantee and Grantee's heirs and assigns forever, all of Grantor's rights, titles, interests, and claims in or to the following described real estate (the **"Property"**), together with all hereditaments and appurtenances belonging thereto, located in Berrien county, Michigan, subject to any restrictions herein:

Property Address: 2337 Madron Lake Rd, Buchanan , Michigan 49107

Legal Description: COM 1316.04'W & 987.99'N 0 DEG34' 10"E OF SE COR SEC 21 T7S R18W TH N 0 DEG34'10"E510.61'TH W 403.58 FT TH S 0 0 DEG34'10"W323.18'TH S 66DEG 08'E 302.47'TH S62DEG32'E 141.01'TO POB Acres:3.83

STATE AND COUNTY EXEMPTIONS: Exempt under M.C.L.A. 207.505 Section(s) _____ and M.C.L.A. 207.526 Section(s) _____

Vesting Information / Property Interest: Grantee receives the Property in fee simple as the sole owner.

[SIGNATURE PAGE FOLLOWS]

iber: 3434    Page: 3161    Liber/Page stamp electronically added

**Signatures**

Grantor signed, sealed, and delivered this quit claim deed to Grantee on _Sept 19, 2024_ (date).

Grantor (or authorized agent)

x/ _Cindy Marie Radecki_

Print Name: _Cindy Marie Radecki_

Spousal Acknowledgment:

I, _____ (name of Cindy Marie Radecki's spouse), residing at _____

_____,

acknowledging receipt of sufficient consideration, hereby waive and release all my rights, title, and interest, if any, in the above Property unto Grantee(s).

x/ _____ _N/A_ _____

Liber: 3434    Page: 3162    Liber/Page stamp electronically added

# NOTARY ACKNOWLEDGMENT

MICHIGAN
COUNTY OF BERRIEN

On _9-19-24_ before me, _Sheri Ponegalek_, personally appeared **Cindy Marie Radecki and Cindy Marie Radecki's spouse** _____, personally known to me or proved on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

WITNESS my hand and official seal.

Commission Expires: _9-17-27_

_Sheri Ponegalek_
Notary Public, Michigan _Sheri Ponegalek_